### In re STETSER.

### No. 45.

District Court, D. Delaware.

April 15, 1942.

Caleb R. Layton, 3d, and Aaron Finger, both of Wilmington, Del., for petitioner.

William Maloney, Sp. Asst. to Atty. Gen., and Stewart Lynch, U. S. Atty., of Wilmington, Del., for the government.

WATSON, District Judge.

This case is before the court for disposition of a motion for a bill of particulars.

The presentment of the Grand Jury recites that, while testifying before the Grand Jury, Albert Stetser gave evasive, perjurious, and contumacious answers to questions propounded to him and in so doing wilfully and contumaciously obstructed, impeded and hampered the investigation of the Grand Jury and the administration of justice. Attached to the presentment is a transcript of the testimony of Stetser, which the government charges is evasive, 'perjurious, and contumacious. Stetser's testimony is contained in twelve short pages and is exceedingly brief.

The respondent seeks by his motion to have the Government specify which of the answers it intends to establish as being evasive, perjurious, and contumacious.

The charge here is obstruction of the administration of justice, and the alleged means by which this offense was committed was by giving evasive, perjurious, and contumacious answers to questions propounded to the respondent before the Grand Jury. The government has set forth in full the answers of the respondent which it contends constitutes misbehavior. The respondent by its motion seeks to compel the government to specify which of these answers will be classified as evasive, as perjurious, and as contumacious. The rule is that the alleged contemnor must be informed of the nature of the contempt charged. Cooke v. United States, 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767; Camarota v. United States, 3 Cir., 111 F.2d 243; see, also, O'Connell v. United States, 2 Cir., 40 F.2d 201.

In my opinion the presentment, together with the testimony attached thereto, sufficiently apprise the respondent of the charges made against him and, furthermore, he will, if the charges are established, be given a reasonable opportunity to meet them by way of defense or explanation.

Now, the motion for a bill of particulars filed in the above-entitled case be, and it is hereby, denied.